MARTIN, J.
delivered the opinion of the court. The plaintiff moved the court of th€ first district to dissolve an injunction, which the defendant, without, giving any security had ob tained on the 12th of February last. He shewed that, on the same day, there was lodged, by order of the governor, in the office of the clerk of that court, the copy of a law, approved on the 20th of January, which inhibits the grant of an injunction, without taking security.
The defendant resisted the dissolution, shewing that the injunction could well be granted, without taking surety, as acts of the legislature are not in force in the parish of Orleans, in which the court of the first district sits, till three days after their promulgation.
The court below overruled the objection, considering that "acts of the legislature are in force, in the parish of Orleans, three days after the approbation of the governor, and, in the other *15 parishes, a certain number of days, according to' the distance, ii allowed, before the law is considered as promulgated in each of them. This seems to be the only act of the governor in pro-mulgating the laws. The act of transmitting copies of them to the different authorities is not a promulgation of them to the people: but merely that the authorities may have the earliest possible information of what the laws are, and this is not the act of the governor."
To this opinion the defendant excepted and the present appeal is taken on the bill of exceptions.
Before the civil code, the precise time, on which the laws of the state were to begin to have effect, not being determined by any positive law, it was holden that their effect begin as soon as they had received the governor's signature. The coder tells us, that as the laws cannot be obliga' tory without being known, they shall be pro. mulgated by the governor. Civil Code 2, art. 4.
The promulgation here spoken of Is a means of making the laws known-the subscription of the governor's name to an act goes but a very little way towards making it known. It. object is to sanction it, and it would be vain to order as enact of promulgation, one which was indispeneable to the confection of the law. The con *16 clusion is forcibly impressed on the mind, that as the governor is directed to promulgate, and the law cannot be obligatory without being known, the promulgation must be a mealis of making public what has been sanctioned as a law-it would have been absurd to have said, as the laws cannot be obligatory without being known, the governor shall sign them, while the ordinance of 1787, the then constitution of the country, required this very signature, for the existence of the law.
After directing the promulgation, we are to expect that the code should inform us of the mode of promulgating; and in the same article, immediately after the injunction to promulgate, we find it said that the laws shall be directed to the authorities, in the form and manner which is or may be prescribed, to insure their utmost poublicity. This is to be effected by sending manuscript or printed copies to the officers, or by publication through the news papers-in neither case is the governor's personal agency absolutely required. He may direct the sending or publishing the copies, and the cole imposes no other obligation but that of seeing it done. If the legislature appointed a printer and made it his duty to print and send copies, or directed any officer to transmit the laws, the governor is *17 still bound to see the injunction obeyed. If, without his act, the laws be promulgated and become known, the execution is not to take place till the directions of the cod e be complied with, though without any interference on his part.
To interpret the code, so as to nuder the signature of the governor a sufficient promulgation would be to adopt the cursed exposition which corrodes the viscera of the text.
With regard to the law alluded to in the bill of exceptions, we notice, annexed to the copy sent by the governor, a resolution of the legislature, bearing date of the 1st. of February, when three full days had passed since the law was signed by the governor. (and when, according to the construction of the district court, it was not only promulgated but already in full force in the parish) requesting in to have printed in the shortest possible delay 150 copies of it, and to promulgate the same by forwarding Immediately to each of the clerks a copy of said law.
We therefore conclude that the district court erred, considering the law as in force in the parish of Orleans, three Jays after the governor's approval of it, and as there is no evidence before us of any other promulgation, than the transmission of the copy, to the clerk of the *18 court on the 12th of February, eleven days after the resolution ordering the printing, we conclude there was no promulgation before that day. As it is not alleged, we cannot presume that the promulgation was made on that day, before the grant of the injunction, in which case, it would be proper to consider when their, as the code requires that the laws should he executed through every part of the territory from the moment the promulgation shall be known, and declares that the promulgation shall be supposed to be known three days after, &c.-the law would not be in immediate operation at the time. of granting the injunction, if a copy was before that time in the possession of the court.
Desbois for the plaintiff, Duncan for the defendant.
It is ordered, adjudged and decreed, that the order of the district court dissolving the injunction, be annulled, avoided and reversed, and that the court he directed to reinstate it and grant. a new writ of injunction, if needed, and proceed in the cause as if the injunction had not been dissolved, and it is further ordered that the plaintiff and appellee pay costs in this court.