Martin, J.
This case was before us last spring, and remanded to the district court. 9 Martin, 424. Soon after its return there, the defendant's counsel suggested, that the sheriff had, at the defendant’s request, been furnished with an alias attachment; and a bond, with sufficient sureties for the performance of the judgment, having been tendered him, he had *175 refused to release the attachment, whereon rule was obtained, that the sheriff shew cause why he refuses to release, according to the 11th sec. of the act of 1805, and the 3d of that of Jan. 28, 1817.
After argument, the rule was discharged; the court being of opinion that there was no specific property attached, susceptible of being delivered on bond: nothing being attached but rights and credits, which, in their nature, are untangible, and therefore not susceptible of being bonded. From this decision the defendant appealed.
The plaintiff and appellee contends:—
1. That the decision is not such as is appealable from, and relies on the 11th sec. of the act organising the supreme court. Part. 3, 23, 13. Fortier vs. Brognier. 3 Martin, 17. Chedoteuu's heir vs. Dominguez. 7 id. 521.
2. That if an appeal lies, the decision is correct, the garnishee, though interrogated on oath, having made no declaration of any money due by him.
The defendant and appellant urges, that a defendant is entitled, at any time before trial, to a release, and to the discharge of the gar *176 nishee, by giving bond. 1 Martins Digest, 516, which cannot be procured without a lien attachment.
I. The injury which a defendant in attachment sustains when his funds are wrongfully withheld from him, especially when a suit is continued till evidence comes from Europe, may occasion his ruin, and is, in my opinion, a grievance irreparable; and I think an appeal ought to lie in such a case.
II. The garnishee having failed to answer, admitted he had funds of the defendant, sufficient to cover the plaintiff's claim; this entitled him to keep so much from the defendant. till the latter released him from his liability, by giving bond to the sheriff, and the circumstance of the property attached, being rights and credits untangible, as the judge a quo says, does not prevent the release of the garnishee. Funds, in the hands of a third person, are as useful to the owner as any kind of tangible property, and he ought not to be restrained from the use of them, where he tenders that security, on the giving of which, the law has provided, that attached property shall be released.
*177 I therefore think, that we ought to reverse the judgment of the district court; reinstate the rule discharged; and remand the case, with directions to the judge, to proceed thereon according to law.
Mathews, J.
A defendant in attachment, has a right to obtain a release of his property which may have been seized, by giving bond to the sheriff, with sufficient surety to defend the suit and abide the judgment of the court. 1 Martin's Dig. 516. This release may be required at any time before trial, and if refused, may work an irreparable injury to the defendant, by depriving him of the use of his properly and funds. It is true, I believe, that the sheriff must judge of the sufficiency of the security of funds, and take it at his peril, as in case of bail. In the one case, the person of the defendant is discharged from custody, and in the other, his property is released from seizure: and whether the attachment be executed by a real levy on property, or by stopping the funds of the defendant in the hands of his debtor, I can see no good reason why the latter should not be released, so as to allow them to be recovered and used by the owner, *178 in the same manner as he would be authorised to take and dispose of his property, on giving surety, as required by law. I therefore concur in the opinion delivered by judge Martin, being satisfied with the reasons on which it is founded.
Moreau for the plaintiff, Seghers for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed; the discharged rule reinstated, and the case remanded, with directions to the judge to proceed thereon according to law.